MATTER OF R—E—

In RESCISSION Proceedings

A-3697383

*Decided by Assistant Commissioner October 7, 1960*

Waiver of inadmissibility, section 212(c)—Not available to section 249 applicant lacking lawful domicile in United States.

Narcotic violation bars alien who has resided in United States since 1914 entry without inspection from qualifying for benefits of section 249 of 1952 Act. Ineligibility as narcotic violator not subject to waiver under section 212(c) of 1952 Act where alien lacks *lawful* unrelinquished domicile.

BEFORE THE ASSISTANT COMMISSIONER

DISCUSSION: Applicant is a 61-year-old married male, a native and citizen of Mexico. He and his lawful resident alien spouse are the parents of five United States citizen children ranging in age from 13 to 24 years.

Applicant first entered the United States on April 17, 1914, at El Paso, Texas. No record of that entry exists. Evidence has been presented to establish continuous residence in the United States since prior to July 1, 1924. On February 4, 1958, following a visit of a few hours in Mexico, applicant applied for admission at El Paso, Texas. Not being in possession of entry documents, he was paroled into the United States to file application for adjustment of status under section 249 of the Immigration and Nationality Act. Such application was subsequently filed in the Service office at El Paso. The facts concerning applicant's residence in the United States are fully set forth in the Regional Commissioner's order of July 8, 1959, creating a record of lawful admission for permanent residence at El Paso, Texas, on April 17, 1914, and will not be further discussed here other than to set forth his conviction on April 9, 1942, in the United States District Court, El Paso, for unlawful transfer and concealment of ten grains of marijuana, the concealment being with intent to defraud the Government of tax. For this offense, the applicant was sentenced to prison for 15 days.

In granting the application for adjustment of status under section 249, section 212(c) of the Immigration and Nationality Act was employed to waive the ground of inadmissibility arising from the

103

applicant's conviction for a narcotics law violation. The applicant was statutorily ineligible for the benefits of section 249 and, since only an alien who is returning from a temporary visit abroad to at least seven consecutive years of unrelinquished lawful permanent residence may be accorded the benefits of section 212(c) of the 1952 Act, the action creating a record of lawful admission for permanent residence appeared to be erroneous.

The applicant was notified, through counsel, that rescission proceedings under section 246 of the Immigration and Nationality Act were contemplated and he was afforded an opportunity to submit reasons why such rescission should not be made. On March 25, and 31, 1960, counsel presented oral argument in behalf of applicant in the Service office at El Paso, Texas. The Regional Commissioner entered an order on April 15, 1960, rescinding the applicant's status as a permanent resident and certified the case to this office.

In order to qualify for the benefits of section 249 an applicant for whom no record of lawful entry for permanent residence exists must meet the following requirements of that section of law. He must satisfy the Attorney General that he *is not* inadmissible under section 212(a) of the 1952 Act insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotics laws or smugglers of aliens. He must also establish that he entered the United States prior to June 28, 1940; that he has had his residence in the United States continuously since such entry; that he is a person of good moral character; and that he is not ineligible to citizenship. Only if the applicant can meet the above requirements can a record of lawful admission for permanent residence be created.

The applicant in the instant case did not meet the first of those requirements. At the time the application was considered it was determined that he was inadmissible to the United States under section 212(a)(23) of the Immigration and Nationality Act, the subsection relating to violators of the narcotics laws. In order to be eligible for the benefits of section 212(c) of the Act, an alien must be returning to a *lawful* unrelinquished domicile in the United States of seven consecutive years (*Matter of S—*, 6—392). The sole reason for filing an application for the benefits of section 249 is to *establish the record of lawful admission.* Since the alien is not eligible for the benefits of section 249, obviously the relief provided by section 212(c) may not be utilized to overcome such ineligibility.

Counsel submits that rescission should not be had on the ground that the applicant is presumed to have been lawfully admitted to the United States based on his entry on April 17, 1914, and continuous residence since such entry and was thus eligible for the relief

provided in section 212(c). Additionally, counsel argues that based on the principle found in *Matter of L—F—Y—*, 8—601, the application was properly granted and, finally, that section 249, as amended, does not require the applicant to establish he is not subject to deportation.

The applicant states he first entered the United States at El Paso on April 17, 1914, without inspection. This type of entry is not included within those found in 8 CFR 101.1. Therefore, no presumption of lawful admission may be found. *Matter of L—F—Y—, supra*, is distinguished from the case at hand, as here we have an alien who is inadmissible under one of the subsections of section 212(a) of the Immigration and Nationality Act relating to narcotics violations, whereas, in *Matter of L—F—Y—, supra*, this fatal defect is not present. We agree with counsel that in considering an application under section 249, deportability of the applicant is not an issue.

As the applicant was not a lawful permanent resident of the United States on July 8, 1959, he was not eligible for the benefits of section 212(c) of the Immigration and Nationality Act. He was precluded from adjustment under section 249 of the Act because of his inadmissibility as a narcotics law violator. In view of the above, the order of the Regional Commissioner will be affirmed.

**ORDER:** It is ordered that the record of lawful entry for permanent residence created in behalf of N—R—E— on July 8, 1959, be and the same is hereby rescinded.